UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**EDDIE COWEN (COWAN)**                                               **PETITIONER**

**v.**                                                    **CIVIL ACTION NO. 4:19-CV-P192-JHM**

**DANIEL AKERS**                                                   **RESPONDENT**

## MEMORANDUM OPINION

*Pro se* Petitioner Eddie Cowen (Cowan)[1] filed the instant action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus (DN 1). His petition is currently before the Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. On March 10, 2020, the directed Petitioner to show cause within 30 days why his petition should not be denied and the action dismissed as untimely (DN 10). Petitioner did not file a response.

### I.

On February 22, 2008, Cowen pled guilty in Hopkins Circuit Court to two counts of second-degree sodomy; first-degree unlawful transaction with a minor; incest; four counts of first-degree sexual abuse; and possession of drug paraphernalia, second offense.[2] On August 4, 2008, Petitioner was sentenced to serve 50 years, consistent with the plea agreement. Petitioner did not file a direct appeal, and his judgment became final on September 4, 2008.

On April 8, 2010, Petitioner filed a *pro se* RCr 11.42 motion in the trial court alleging that he was denied ineffective assistance of counsel because his attorney refused to help him withdraw his guilty plea and that his plea was not made knowingly, voluntarily, or intelligently.

---

[1] The Court lists Petitioner's name as he does in the caption of his petition.
[2] This procedural history is taken from *Cowen v. Commonwealth*, No. 2016-CA-001944-MR, 2018 Ky. App. Unpub. LEXIS 404 (Ky. Ct. App. June 8, 2018), unless otherwise noted.

The trial court denied the motion on September 16, 2010. On January 28, 2011, Petitioner filed a supplement to his RCr 11.42 motion which the trial court denied on April 3, 2014. Petitioner appealed this decision. On December 18, 2015, a panel of the Kentucky Court of Appeals affirmed Petitioner's conviction and judgment, concluding that he did not receive ineffective assistance of counsel prior to entering his plea. However, following a decision by the Kentucky Supreme Court related to the issue raised by Petitioner, on January 28, 2016, the Court of Appeals reversed and remanded the case for further proceedings. On May 23, 2016, new counsel moved the trial court to allow Petitioner to withdraw his guilty plea. On November 21, 2016, the trial court denied the motion. Petitioner again appealed. On June 8, 2018, the Kentucky Court of Appeals affirmed the trial court's decision. It is unclear exactly what happened next or when. However, in the instant § 2254 petition, Petitioner states "the Kentucky Supreme Court Clerk Susan Stokely Clary Refused to Accept Appeal citing SCR 79.06(6)."[3]

Petitioner filed the instant petition for a writ of habeas corpus in this Court on December 17, 2019.[4]

## II.

Because the instant petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the

---

[3] Kentucky Rule of Civil Procedure 79.06 applies to the clerks of the Court of Appeals and Supreme Court. Rule 79.06(6) states:

> Nothing lodged with the clerk in connection with an original proceeding or an appealed case, or on which action of any kind by the court is sought, shall be docketed or noted as a step in a proceeding unless (a) it is tendered within the time allowed for its filing and otherwise conforms to these Rules and (b) the filing fee mentioned in paragraph (3) of this Rule 79.06 has been paid. A late, unauthorized, or otherwise nonconforming paper will be considered only by leave of the court.

[4] Under the mailbox rule, the petition is deemed filed on the date it was presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). However, the petition does not identify the date Petitioner presented it to prison officials for mailing but indicates that Petitioner signed the petition on December 17, 2019 (DN 1, p. 15). The Court will therefore consider that date as the date the petition was filed under the mailbox rule.

AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, Petitioner did not file a direct appeal of his conviction. Therefore, the one-year limitations period began to run at "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's conviction became final on September 4, 2008, at the expiration of the 30-day period for filing an appeal. *See* Ky. R. Crim. P. 12.04. Thus, Petitioner had until September 4, 2009, to file a petition for writ of habeas corpus in this Court unless there was a time-tolling collateral attack pending in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (holding that the one-year statute of limitations may be tolled "for that amount of

time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'") (quoting 28 U.S.C. § 2244(d)(2)). Petitioner did not file the instant habeas petition before September 4, 2009, nor did he have any time-tolling collateral action pending during that time period.

Petitioner filed his RCr 11.42 post-conviction motion on April 8, 2010, several months after the statute of limitations expired. Filing a post-conviction motion does not restart the one-year statute of limitations. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). As the Sixth Circuit has opined, "[t]he tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Id.* at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)) (internal quotation marks omitted); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). To hold otherwise would be to eviscerate the AEDPA's purpose of ensuring finality of state court judgments. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) (observing that the AEDPA's time bar "quite plainly serves the well-recognized interest in the finality of state court judgments" and "reduces the potential for delay on the road to finality") (quoting *Duncan v. Walker*, 533 U.S. 167, 179 (2001)). Thus, the instant § 2254 petition appears time-barred because Petitioner's RCr 11.42 motion was not filed before the one-year statute of limitations period.

However, even if the RCr 11.42 motion had been filed within the applicable period, it appears that the motion was ultimately resolved by the Kentucky Court of Appeals on June 8, 2018. Although Petitioner seems to indicate that he attempted to file an appeal with the Kentucky Supreme Court, he does not indicate when he filed this appeal or when it was rejected. Thus, it appears that Petitioner waited more than one year, indeed approximately 18 months,

after the most reason decision by the Court of Appeals concerning his post-conviction motion to file the § 2254 petition now before the Court.

For the foregoing reasons, the Court concludes that the instant petition is barred by the statute of limitations.

Section 2254's statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly." *Id.* at 1008-09. A litigant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). Ignorance of the law alone does not excuse prompt filing. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Here, Petitioner failed to respond to the Court's Show Cause Order or to otherwise meet his burden of establishing that he satisfies the elements required for equitable tolling. Therefore, equitable tolling is not appropriate in this case.

### III.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

5

When a district court denies a habeas petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its procedural ruling to be debatable. Thus, a certificate of appealability must be denied.

Date: May 12, 2020

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Petitioner, *pro se*
Respondent
Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4414.011

6